1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   EASTERN DISTRICT OF CALIFORNIA
10
                              ----oo0oo----
11
12
   MICHAEL WARD; CRYSTAL
13 WARD; I.W., a minor, by and              NO. CIV. 2:12-1362 WBS CKD
   through his GUARDIAN AD LITEM,
14 KEN KENNEDY; JENNIFER
   GREEN; E.H., a minor, by and
15 through his GUARDIAN AD LITEM,
   SHANNON SNYDER; T.H., a minor,
16 by and through her GUARDIAN AD
   LITEM, SHANNON SNYDER;
17
             Plaintiffs,
18
        v.
19
   Rance King Properties, Inc. aka R.K.
20 Properties, Inc. aka The Village @
   Fair Oaks aka RK MIFFUND XIV
21 LLC aka RK MULTI FAMILY
   INCOME FUND XIV LLC; Christopher
22 Poon and Florence Poon, as
   Trustees of the Poon Family
23 Trust Dated September 1, 1990,
   and DOES 1 -10, Inclusive,
24
             Defendants.
25 _____/
26
27                            ----oo0oo----
28

                                    1

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for October 1, 2012 and makes the following findings and orders without needing to consult with the parties any further.

I. <u>SERVICE OF PROCESS</u>

All named defendants have been served and no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

II. <u>JOINDER OF PARTIES/AMENDMENTS</u>

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b). <u>See</u> <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir. 1992).

III. <u>JURISDICTION/VENUE</u>

Jurisdiction is predicated upon federal question jurisdiction, 28 U.S.C. § 1331, because plaintiff brings a claim under the Fair Housing Act, 42 U.S.C. § 3601 <u>et seq</u>. Venue is undisputed and is hereby found to be proper.

IV. <u>DISCOVERY</u>

The parties shall serve initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by no later than October 12, 2012.

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than June 28, 2013. With regard to expert testimony

intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before July 31, 2013.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be <u>completed</u> by August 30, 2013.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than August 30, 2013.

V.   <u>MOTION HEARING SCHEDULE</u>

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before September 30, 2013.  All motions shall be noticed for the next available hearing date.  Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

VI.   <u>FINAL PRETRIAL CONFERENCE</u>

The Final Pretrial Conference is set for December 9, 2013 at 2:00 p.m. in Courtroom No. 5.  The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for

trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel shall file separate pretrial statements, and are referred to Local Rules 281 and 282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

VII.   TRIAL SETTING

The jury trial is set for February 11, 2014 at 9:00 a.m.  The parties estimate that the jury trial would last five court days.

VIII. SETTLEMENT CONFERENCE

A Settlement Conference will be set at the time of the Pretrial Conference.  All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full

4

settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge.  If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

IX.   MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

DATED: September 18, 2012

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE